UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MURRAY MARTIN,

        **Plaintiff,**

  v.              5:06-CV-10
                    (FJS/DEP)
MICHAEL HANUSCZAK, Family Court Judge;
FRANK KILLIAN; and NILES GREENHOUSE,

        **Defendants.**

---

**APPEARANCES**

**MURRAY MARTIN**
Brewerton, New York
Plaintiff *pro se*

**SCULLIN, Chief Judge**

## ORDER

  On January 4, 2006, Plaintiff filed a motion for a temporary restraining order as well as a civil rights complaint pursuant to 42 U.S.C. § 1983. This Order is limited to the resolution of the issue of whether or not Plaintiff's submissions provide a basis upon which this Court can grant Plaintiff the immediate relief that he seeks.

  Rule 65(b) of the Federal Rules of Civil Procedure governs motions such as Plaintiff's and provides, in pertinent part, that a court may grant a temporary restraining order

> without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from **specific facts** shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, **and** (2) the applicant . . . certifies to the court in writing the efforts, if any, which have been made to give the notice

> and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

Plaintiff has failed to meet either of Rule 65(b)'s requirements. First, because there is no indication that Plaintiff notified Defendants that he filed this motion, he was required to file either a verified complaint or an affidavit setting forth the specific facts that would support the relief that he currently seeks. *See* Fed. R. Civ. P. 65(b). He did neither. Moreover, the papers that Plaintiff did file in support of his motion are comprised of nothing more than conclusory allegations which provide no basis for the Court to grant the extraordinary relief that he seeks.[1] Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for a temporary restraining order is **DENIED**;[2] and the Court further

**ORDERS** that the Clerk of the Court return to Plaintiff the documents that he attached to his complaint so that he can redact the "personal identifiers" included in those documents in compliance with Local Rule 8.1;[3] and the Court further

---

[1] Based upon its initial review of Plaintiff's complaint, the Court also notes that it has some serious concerns about whether Plaintiff's allegations have any merit.

[2] To the extent that Plaintiff seeks to have this Court seal the documents that he has thus far filed in this action, the Court **DENIES** this request.

[3] After redacting the personal identifiers from his attachments, Plaintiff may resubmit these documents to the Court, and the Court directs the Clerk of the Court to accept those documents and file them as attachments to Plaintiff's complaint at that time.

     **ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: January 4, 2006
       Syracuse, New York

                                             Frederick J. Scullin, Jr.
                                             Chief United States District Court Judge